GRAY *v.* STATE.

Opinion delivered April 4, 1932.

*Reinberger & Reinberger,* for appellant.

*Hal L. Norwood,* Attorney General and *Robert F. Smith,* Assistant, for appellee.

HART, C. J. Veo Gray was convicted before a jury charged with the murder of Raymond Cromer in Drew County, Arkansas, and his punishment was fixed at life imprisonment. From a judgment rendered on the verdict he has appealed.

The evidence was legally sufficient to support the verdict. The court tried the case under the usual instructions governing cases of homicide of this kind. It is earnestly insisted, however, that the court erred in allowing certain testimony to go before the jury. Raymond Cromer made a dying declaration as to the circumstances attending the killing, which was reduced to writing by the sheriff. It is not claimed that the dying declaration which was reduced to writing is incompetent, but it is claimed that the dying declaration made by the deceased to his father which was not reduced to writing is incompetent. We do not agree with counsel in this position. Dying declarations, either oral or written, or partly oral and partly written, are competent evidence to go before the jury as to the facts and circumstances immediately at-

tendant upon the homicide. Underhill's Criminal Evidence, 3rd ed., § 180. If any part of the declaration is inadmissible, it may be stricken out on motion of the defendant. This court has uniformly held that such declaration may be admitted to prove the circumstances attending or leading up to the homicide. *Newberry* v. *State,* 68 Ark. 359, 58 S. W. 351; *Rhea* v. *State,* 104 Ark. 176, 147 S. W. 463; *Moore* v. *State,* 125 Ark. 177, 188 S. W. 3.

The admissibility of dying declarations is for the court to determine, and the weight and credit to be given them is for the jury. *Burns* v. *State,* 155 Ark. 1, 243 S. W. 963. The record shows that the dying declaration written by the sheriff and the oral dying declaration made to the father of the deceased were substantially the same. But, if they were not the same, the differences between them would have been merely matters affecting the credibility to be given to them as evidence.

It is next insisted that the court erred in allowing the sheriff to testify that the deceased gave him a red dice, and the deputy sheriff to testify that a match to it was found in the coupe in which the deceased was riding at the time he was shot and killed. We think the testimony was competent. The sheriff was allowed to testify as to the deceased giving him the red dice because it was a matter immediately leading up to his statement about the circumstances of the killing. The deceased also told the sheriff that he would find a similar dice in the coupe in which the deceased was riding at the time he was shot. The deputy sheriff found such a dice, and the testimony was competent as tending to corroborate the dying declaration of the deceased.

We find no reversible error in the record, and the judgment will therefore be affirmed.